by the joint acts of two men, one of the men, at the point of a pistol, requiring the person so robbed to stand and hold up his hands, while the other held him, searched his pockets, and took the money therefrom, these facts made both men guilty of both grades of the crime of robbery, and a verdict of guilty on said indictment generally is not contrary to the evidence or to the law because such verdict was a finding of guilty of the highest grade of the offense, to wit, robbery by force, the facts, as it was claimed, making only the lower grade, or robbery by intimidation." See also *Moran* v. *State,* 125 *Ga.* 33 (53 S. E. 805). In short, we think that if the holding of the victim by his arm and searching him with a pistol drawn upon him could be said to be robbery by force, we likewise think that if the pistol was drawn upon the victim and he was being punched in the ribs and then and there searched by a confederate, a conviction of robbery by force could likewise be sustained. We do not think the principle as stated in *Tanner* v. *State,* 24 *Ga. App.* 132 (100 S. E. 44), is applicable in the instant case. The writer of this opinion somewhat doubts the correctness of the rule as laid down in the *Tanner* case. However, this opinion is not based on the incorrectness of that rule. The refusal to grant a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

### 25447. THOMAS *v.* THE STATE.

MACINTYRE, J. This case is controlled by the ruling in *Thomas* v. *State,* ante. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*
DECIDED DECEMBER 4, 1936.

### 25449. THOMAS *v.* THE STATE.

MACINTYRE, J. This case is controlled by the ruling in *Thomas* v. *State,* ante. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*
DECIDED DECEMBER 4, 1936.